**SO ORDERED.**

**SIGNED April 07, 2006.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 04-82114** |
|     **PRIDE INTERNATIONAL, LLC** | |
|     **TED BRETT BRUNSON, TRUSTEE** | |
|         **(Plaintiff)** | |
| **VERSUS** | **ADVERSARY NO. 05-08017** |
|     **HEAVY LIFT CARGO AIRLINES, LTD.** | |
|     **NICHOLAS LEACH** | |
|     **TRANS PACIFIC PTY., L.L.C.** | |
|     **HEAVY LIFT SERVICES, L.L.C.** | |
|     **CRANE AIR PTY, LTD.** | |
|         **(Defendants)** | |

**REASONS FOR DECISION**

This matter is under advisement on the Plaintiff's Second Motion to Compel Answers to Interrogatories and Request for Production and for Attorney's Fees and Costs. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E) and (O). This Court has jurisdiction pursuant to 28 U.S.C. §1334 and by reference from the District Court, pursuant to Uniform District Court Rule 83.4, incorporated into Local Bankruptcy Rule 9029.3. No party has sought to withdraw the reference and the District Court has not done so on its own motion. Pursuant to these reasons, the

Plaintiff's Second Motion to Compel is Granted in Part and Denied in Part as to the specific sanctions requested.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Procedural History

Pride International, L.L.C., filed a voluntary petition under Chapter 11 on October 31, 2004. Debtor operated an aircraft maintenance and repair facility located at the England Industrial Park in Alexandria, Louisiana. The case converted to one under Chapter 7 on its own oral motion in open court on January 26, 2005. Mr. Brett Brunson was appointed Chapter 7 Trustee. Prior to the conversion, the debtor-in-possession had sought to sell its inventory by motions to sell filed on November 17 and December 2, 2004 (Docs. 23 and 37), drawing Objections by Smart, Inc. (Docs. 32 and 45). Debtor withdrew the motions to sell at a hearing on December 8, 2004. The debtor-in-possession filed a Second Amended Motion to Sell Excess Inventory by Private Sale or in the Alternative by Auction (Doc. 64), which was set for an expedited hearing on January 26, 2005, and another objection was filed to the sale by Smart, Inc. (Doc. 75). The motion to sell was withdrawn due to the conversion during the hearing that day. The proposed purchaser in all of the motions to sell was Heavy Lift Services, L.L.C., represented by counsel, Mr. Bob Bussey, who expressed a strong interest in proceeding with the sale at the January 26th hearing, notwithstanding the conversion.[1]

Following the conversion, the Trustee filed an application to sell property at private sale consisting of the inventory, equipment and movable property of any kind, at any location, to Heavy Lift Services, L.L.C., for $175,000.00. (Doc. 110.) A hearing was set for February 23, 2005. On February 28, 2005, an Agreed Order approving the sale in the amount of $175,000 was entered with both the Trustee and Mr. Bussey approving the form of the order (Doc. 120).

After that sale should have taken place according to the case record, the Trustee instituted this Adversary Proceeding on April 27, 2005, by filing a complaint for turnover of property of the estate

---

[1]The Defendants' memorandum opposing discovery sanctions has various attachments, including correspondence from Mr. Bussey to Mr. Brunson offering a "beyond the record" version of the events surrounding the failure to consummate the sale. (Doc. 61, Exhibit 1.)

2

and for injunctive relief prohibiting the removal of property of the estate.[2] It alleged that Heavy Lift Services, L.L.C., failed or refused to consummate the sale that was the subject of the Agreed Order dated February 28, 2005, and the trustee sought specific performance or, alternatively, damages for this breach. Made defendants were (1) Heavy Lift Cargo Airlines, Ltd., (2) Nicholas Leach; (3) Trans Pacific Pty., Inc., (4) Heavy Lift Services, L.L.C., and (5) Crane Air Pty, Ltd. Mr. John C. Conine filed an answer to the Trustee's complaint and motion for injunctive relief on behalf of all the defendants. Mr. Conine's original answer denied this court's jurisdiction, admitting only that the matters were related to the bankruptcy case, but denied that the matter was a core proceeding. However, an Agreed Order entered on May 20, 2005, settling and granting the issue of injunctive relief, signed by both Mr. Conine and Mr. Bussey, indicates that defendants withdrew their objections to the court's jurisdiction as to the Trustee's turnover request and to the trustee's contention that the turnover request was not a core proceeding.

Following the entry of the May 20th order, both Mr. Conine and Mr. Bussey sought leave to withdraw. Mr. Conine's motion asserted that, due to the short notice of the hearing on the request for the temporary restraining order, he was unable to work out detailed arrangements of the engagement, including compensation issues. Mr. Bussey's motion recited that it had filed no responsive pleadings and that the company had a local agent for service of process. Ultimately, Mr. Bussey was permitted to withdraw, but Mr. Conine's motion to withdraw was denied. (Docs. 36 and 37).

Prior to any ruling on the Motions to Withdraw and with leave of Court, the Trustee amended the complaint to seek additional relief "on information and belief" that "Heavy Lift Cargo Airlines, Ltd, Nicholas Leach, Heavy Lift Services, L.L.C. and Crane Air Pty, Ltd, are alter egos of each other and/or said entities intermingled their affairs to such an extent that they should be treated as a single business enterprise with the assets of said alter egos/single business enterprises pooled together to satisfy the claims of the Trustee in this case." The amended complaint concluded with a request to

---

[2]The complaint alleges that a former employee/agent of one of the defendants informed the Trustee that certain property of the estate was in cargo containers prepared to be loaded onto an aircraft bearing the logo "Heavy Lift" owned by one or more of the defendants. On May 6, 2005 the Court entered an Agreed Temporary Restraining Order (bearing the signatures of counsel to all parties, including Mr. Bussey and Mr. Conine) prohibiting all defendants and their representatives from removing any assets of the debtor from England Air Park, and further designated Tom Welch as the person who would determine which items were property of the estate.

direct the defendants to perform "its" [sic] obligation to the Trustee to purchase the Pride Assets for the price of $175,000.00, or alternatively, to award damages against the defendants for "its" [sic] breach of contract. (Amended Complaint, Doc. 23.) Mr. Conine filed an answer to the amended complaint asserting that there was no meeting of the minds as to the specific items of property to be purchased and therefore no contract was created with the trustee. The answer further asserted that Heavy Lift Services, L.L.C has no common ownership, common directors and/or officers with the other defendants, except defendant Trans Pacific Pty Ltd "was a member of the defendant negotiating with the trustee," and that there was "no common de facto exercise of control over the other defendants, no unity of personnel policies emanating from a source common to the other defendants, and no dependancy of operations with the other defendants." Further, the answer alleges that "Heavy Lift Services, L.L.C., made no loans with the other defendants, commingled no funds with the other defendants, and was not under-capitalized, as its purpose of formation was to purchase certain estate assets, which did not take place, as the trustee points out, because there was no meeting of the minds as to the items to be purchased." (Answer, Doc. 40, ¶¶ 17, 18). The answer further asserts that the defendant Heavy Lift Cargo Airlines, Ltd., filed an unsecured claim for $34,717.00 for pre-petition services, which should be allowed.[3] Finally, the answer asserts that the trustee failed to mitigate damages by failing to pursue a contract action against Tom Welch, Heavy Lift Services, L.L.C., or by marketing the estate property in a commercially reasonable and expeditious manner. (Doc. 40.)

    The Plaintiff's first Motion to Compel filed November 15, 2005, attached copies of interrogatories and requests for production of documents served on the defendants, which they allegedly failed to answer. On December 28, 2005, an order was entered directing the defendants to respond on or before January 20, 2006, and to pay attorney fees and costs to the trustee in the amount of $500.00. The second motion to compel filed February 1, 2006, asserts that the costs assessed in the prior order were not paid and that the defendants again failed to respond to the discovery. The exhibits relating to the motions to compel consist of the interrogatories and request for production of documents themselves and correspondence from the Trustee's Counsel to Mr. Conine.[4]

---

[3] A search of the claims register does not reveal a claim by Heavy Lift Cargo Airlines.

[4] Contrary to the allegations of the motion to compel, there were no attachments to the original motion. Counsel for plaintiff was directed to supplement the record by filing them. See

4

## Applicable Law and Analysis

The instant Motion to Compel and for Sanctions is based on the failure of the defendants to respond to interrogatories and requests for production. Plaintiff propounded a set of interrogatories and a set of requests for documents upon counsel to the defendants, Mr. Conine, in September of 2005. The discovery response deadline was extended by the parties to February 28, 2006 by an Agreed Order entered in response to the first Motion to Compel filed by the plaintiff in December of 2005. In the response to the instant Motion to Compel and for Sanctions, Mr. Conine does not allege that any responses to discovery were ever submitted, therefore the Court is left to assume that none of the discovery requests were answered by any of the defendants. Federal Rule of Civil Procedure 37(a)(4) provides that the Court may impose sanctions in the form of reasonable expenses and attorneys fees for the failure of a party to respond to discovery requests. There are also provisions in F.R.C.P. 37(b)(2) which allow the Court to sanction the failure to comply with a discovery Order as follows:

    (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
    (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
    (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.
    In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
F.R.C.P. 37(b)(2).[5]

---

Order dated March 20, 2006. The exhibits were filed on March 21, 2006. (Docs. 64 and 65.)

[5]Made applicable to adversary proceedings by F.R.B.P. 7037.

In opposing the imposition of sanctions, defendants recite a detailed history of the bankruptcy case, this adversary proceeding, and the responses by the Trustee to the defendants' discovery requests.[6] Defendants assert that sanctions should not be used except in extreme circumstances, citing *FDIC v. Connor*, 20 F.3d 1376 (5th Cir. 1994). Defendants opine that the Trustee's alter ego/single business enterprise theory is based solely on Tom Welch's allegations, and that the plaintiff's failure to depose him excuses the failure to respond to discovery requests. Defendants also maintain that the difficulty in identifying the assets excuses non-performance, as does the trustee's subsequent sale of the same. Finally, the defendants again challenge the personal jurisdiction of the court over these defendants.

Whether the defendants are alter-egos by virtue of the "same business enterprise" theory is not properly before the Court at this time, as it is a matter for trial. The only matter presently before the Court is the Motion for Sanctions under F.R.C.P. 37. While the Court is equally constrained to tailor this ruling so as not to address issues of personal and subject matter jurisdiction that have not been raised by proper motions, and therefore not fully litigated, as to each of these defendants, the fact that all defendants have participated in arguing the merits of the prayer for injunctive relief and its disposition and have propounded discovery in this adversary proceeding cannot be ignored.[7] It seems personal jurisdiction exists as to Heavy Lift Services, L.L.C., inasmuch as it is a Louisiana limited liability company which contracted with the trustee as to the purchase, but plaintiff maintains that personal jurisdiction over the remaining defendant exists by virtue of the commingling of funds between the parties. There is no evidence adduced at this point in the litigation to support such a finding, and this fact cannot be established absent a properly styled and litigated motion. Nevertheless, as stated, it cannot escape this Court's attention that all defendants have propounded

---

[6] Defendants note that the Trustee sought to abandon certain assets, consisting of airplane parts, to Aviation Consultants, L.L.C., the plaintiff in a state court action against three of the named defendants. (Memorandum, ¶8, 15) Defendant also notes that a dispute arose with the England Air Park Authority, who objected to the abandonment. Defendants memorandum asserts that Tom Welch, the plaintiff and keeper appointed in the state court action was also a member of Heavy Lift Services, L.L.C., as shown by the Secretary of State's records.

[7] Counsel to all parties have sought perhaps a cost-effective, but in this Court's view, an indirect approach to arguing the true issues in this case, in that these issues should be properly litigated in a Motion to Dismiss pursuant to F.R.C.P. 12(b).

discovery through counsel, Mr. Conine, to the plaintiff, which was not limited to the scope of issues concerning personal jurisdiction over the defendants and has been answered. It is also evident that the defendants, through counsel, signed-off on Agreed Orders granting injunctive relief against each defendant and extending the discovery deadline.

So, while the personal jurisdiction analysis cannot be made at this point, due to insufficient litigation, the Court can, however, assess whether that defense has been waived by the defendants due to their voluntary appearance through counsel in this adversary proceeding. Federal Rule of Civil Procedure 12(h)(1) provides that a defendant waives its personal jurisdiction defense if it is not made either by motion under Rule 12(b) or included in a responsive pleading. Here, the defendants filed an answer in which paragraph 2 asserts the lack of personal jurisdiction over "all of these defendants." Then, Mr. Conine and Mr. Bussey participated in the pre-trial conference prior to the hearing on the request for injunctive relief, and further negotiated and signed an Agreed Order on the TRO, in which it states, "The defendants have withdrawn their objections to a) the Court's jurisdiction regarding the turnover request by the Trustee; and b) the contention that the turnover request by the Trustee was not a core proceeding." (Doc. 14, 5/6/2005.) The defendants therein further *stipulated* to the entry of the TRO and therein consented to the application of that Order *as to each defendant separately listed*. On May 9, 2005, counsel for the defendants, Mr. Bussey and Mr. Conine, appeared and argued their contentions on the merits of the preliminary injunction, and again, signed-off on the ensuing Agreed Order that disposed of the issue. (Doc. 18, 5/20/2005.) In the answer to the amended complaint, the defendants assert factual responses to the allegations of the plaintiff and notably did not urge a lack of personal jurisdiction on behalf of any defendant.

In *Yeldell v. Tutt*, 913 F.2d 533 (8th Cir. 1990), the appellate court recognized that the personal jurisdiction defense may be waived even after an initial assertion in the answer. Further, and within our direct line of authority, it has been stated that "parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001), citing *General Contracting & Trading Co., LLC v. Interpole, Inc*. 940 F.2d 20, 23 (1st Cir. 1991). By participating in the litigation of the TRO/Preliminary Injunction and waiving certain defenses in the Agreed Order after the answer was filed, and by not moving to dismiss under F.R.C.P. 12(b)(2), this Court sees that the conduct of the defendants herein did "not reflect a continuing objection to the power of the court to act over the

7

defendant's person." *PaineWebber Inc.*, 260 F.3d at 460, citing *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir.1972). Ultimately, in focusing on the disposition of the prayer for injunctive relief by Agreed Order, there can be no doubt that when a defendant submits to the authority of the Court to impose injunctive relief, it has *per se*, waived its personal jurisdiction defense. *See Petrowski v. Hawkeye-Security Co.*, 350 U.S. 495, 76 S.Ct. 490 (1956); *Toshin Products Co. Ltd. v. Woods*, 1989WL80715 (D.Md. 7/28/1989)(unreported)("The United States Supreme Court has held repeatedly that since the personal jurisdiction requirement is a waivable right, 'express or implied consent to the jurisdiction of [a] court' is sufficient to satisfy the requirements of due process for assumption of jurisdiction over a nonresident defendant.").

Plaintiff's supporting memorandum asserts that it has established a *prima facie* case against the defendants, which should be recognized as established fact in this case due to the defendants' failure to respond to discovery requests. Plaintiff cites *Voss Products v. Aqua Bailers, Inc*., 1999 WL 33290614 (W.D. Tex 1999), *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 205 (5th Cir. 2000), and *Guidry v. U.S. Tobacco*, 188 F.3d 619 (5th Cir. 1999) for the proposition that uncontroverted facts should be taken as true and conflicts in evidence resolved in favor of the plaintiff. Thus, plaintiff asserts that his allegations of the alter ego/single business enterprise must also be accepted as true. While F.R.C.P. 37(b)(2)(A) may allow the Court to designate certain facts as established in the instance of a defendant's repeated refusal to cooperate in the discovery process, this Court finds that there is a huge distinction between designating *certain facts* and allowing the plaintiff to prove an entire theory of recovery that is unsupported by the record.

Plaintiff next claims that the serious nature of the failure to respond to discovery, severe sanctions, even the entry of a default judgment in favor of the plaintiff, are warranted in accordance with F.R.C.P. 37(b)(2)(C), yet, despite the availability of this remedy, the Court finds that it should not be imposed at this time. This finding is supported by the fact that the plaintiff has failed to even depose the one witness it is alleged to have, namely Tom Welch, in the attempt to prove that all the defendants are proper parties under the theory of same business enterprise.

Nevertheless, the Court finds that these defendants did violate the previously issued Court Orders pertaining to discovery, therefore, a sanction is warranted under Rule 37. *See Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2 Cir. 12/3/1991). The protections and sanctions found in Rule 37 are not absolute and contemplate the use of judicial discretion. *Marshall v. Ford*

*Motor Co.*, 446 F.2d 712, 713 (10th Cir. 1971). Because the defendants have failed to answer discovery and have blatantly disregarded Orders of this Court, including the Court's original Order from Pre-Trial Conference (Doc. 45), an Agreed Order extending the discovery deadline and imposing a fine against the defendants for such failure (Doc. 50), this Court will immediately triple the fine previously imposed to raise the amount owed to counsel for the plaintiff to $1,500.00 *as to each defendant*, in accordance with F.R.C.P. 37(a)(4)(A) and (b)(2). This finding will be imposed by separate order. It will also be ordered, in light of the significant delay endured thus far in the prosecution of this adversary proceeding, that an expedited discovery and pre-trial schedule will be imposed, and failure of the defendants to respond to discovery by the date set forth in that separate order will then result in the imposition of the requested relief under F.R.C.P. 37(b)(2)(A) and (C), to wit, the establishment of the plaintiff's assertions as fact and same supporting a default judgment, on motion of the plaintiff on or before the date set for trial. Even if this Court had found the personal jurisdictional defense had not been waived, the imposition of the Rule 37(b)(2)(A)-(C) remedies even as to a personal jurisdiction defense is supported by United States Supreme Court jurisprudence in *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705, 102 S.Ct. 2099, 2105 (1982).

## CONCLUSION

For the reasons set forth above, the defendants are Ordered to pay attorney's fees in the amount of $1,500.00 as to each defendant in accordance with F.R.C.P. 37(a)(4)(A), for their repeated failure to respond to discovery requests and repeated non-compliance with Orders of this Court. It will be further Ordered that a new, expedited pre-trial schedule will be imposed by the Court, which will amend the dates imposed by the Court on March 27, 2006 in Document no. 67, and further failure to comply with efforts to complete discovery within the time limits imposed by that Order will result in the imposition of the penalties set forth in F.R.C.P. 37(b)(2)(A) and (C). A separate and conforming Order shall enter this date.

# # #